IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

JUSTIN R. BLEVINS,

        Petitioner,        :     Case No. 2:21-cv-137

  - vs -                                 District Judge James L. Graham
                                      Magistrate Judge Michael R. Merz

RON ERDOS, Warden,
  Southern Ohio Correctional Institution,

                                          :
        Respondent.

## OPINION AND ORDER

This habeas corpus case, brought pursuant to 28 U.S.C. § 2254 by Petitioner Justin Blevins with the assistance of counsel, is before the Court on Petitioner's Objections (ECF No. 16) to the Magistrate Judge's Report and Recommendations, recommending that the Petition be dismissed (ECF No. 15). A litigant who objects to a Magistrate Judge's recommended decision on a dispositive matter is entitled to *de novo* review of any portion of the recommendation to which substantial objection has been made. The Court has conducted that *de novo* review and this Opinion embodies the results of that review.

**First Objection: Report Fails to Apply *Maupin* Test Correctly**

Petitioner's First Objection is that the Magistrate Judge did not correctly apply the standard

1

test for procedural default prescribed by *Maupin v. Smith*[1], 785 F.2d 135, 138 (6th Cir. 1986)(Objections, ECF No. 16, PageID 1051).  In particular, he objects that because the Fourth District Court of Appeals reviewed for plain error the merits of Petitioner's assignments of error about the jury instructions and response to jury question, it waived any failure of counsel to object. *Id.* PageID 1051-52.

On this point, the Court agrees with the Magistrate Judge.  As the Report notes, the Sixth Circuit has repeatedly held that plain error review by an Ohio appellate court is enforcement of the contemporaneous objection rule and not a waiver of it (Report, ECF No. 15, PageID 1020, citing *Wogenstahl v. Mitchell,* 668 F.3d 307, 337 (6th Cir. 2012); *Jells v. Mitchell*, 538 F.3d 478, 511 (6th Cir. 2008); *Lundgren v. Mitchell,* 440 F.3d 754, 765 (6th Cir. 2006); *White v. Mitchell,* 431 F.3d 517, 525 (6th Cir. 2005); *Biros v. Bagley,* 422 F.3d 379, 387 (6th Cir. 2005); and *Hinkle v. Randle*, 271 F.3d 239 (6th Cir. 2001)).  *Walker v. Endell*, 850 F.2d 470, 474 (9th Cir.1987), relied on by Petitioner, is both from another circuit and older than the Sixth Circuit precedent relied on in the Report.

Even if the Court finds a procedural default, Petitioner argues, it is excused because failure to object was ineffective assistance of trial counsel (Objections, ECF No. 16, PageID 1052-53).  On this point, the Report recommended the Court defer to the Fourth District's decision that the failure to object was not prejudicial, as required for ineffective assistance under *Strickland v. Washington,* 466 U.S. 668 (1984), because Blevins was not entitled to a voluntary manslaughter instruction of any sort (Report, ECF No. 15, PageID 1056-57).  Petitioner deals with this underlying ruling in his Second Objection, discussed next.

---

[1] All parties and the Magistrate Judge agree that *Maupin* is the relevant precedent.

2

**Second Objection:** *Sufficient* **Evidence to Support Voluntary Manslaughter**

The Fourth District determined there was insufficient evidence to support a voluntary manslaughter instruction. *State v. Blevins*, ¶¶ 26-36, quoted in the Report, ECF No. 15, at PageID 1013-17. The Report concluded this was not an unreasonable determination of the facts from the state court record and thus was entitled to deference under 28 U.S.C. § 2254(d)(2). *Id.* at PageID 1023.

Petitioner posits that "[u]nder Ohio law, the question is not whether the facts could support a conviction for murder, but whether the facts could reasonably support acquittal for murder and conviction for voluntary manslaughter." (Objections, ECF No. 16, PageID 1053). Petitioner then reconfigures this into a test of whether there was "*some evidence relevant to the issue of manslaughter.*" (Objections, ECF No. 16, PageID 1054, quoting *Stevenson v. United States,* 162 U.S. 313, 314-315 (1896). In *Stevenson* the Court was interpreting federal statutory law, to wit, § 1035 of the Revised Statutes[2]. *Id.* at 315. After reciting the language that Petitioner quotes, the Court goes on at great length to discuss the actual evidence of record, and concludes

> This is a portion of, but not all, the evidence given upon the trial
> tending to show the circumstances under which the killing was done.
> Was there enough, in any view that could be taken of such evidence,
> to require the submission of the question of manslaughter to a jury?
> We think there was.

*Id.* at 319. In other words, having supposedly announced a "some relevant evidence" test, the Supreme Court actually applied an "enough relevant evidence" test, which of course is what the Fourth District did in this case. And even if the Supreme Court had announced a "some relevant evidence" test, it would have been a matter of federal statutory law[3], not constitutional law. To

---

[2] Justice Peckham's opinion in *Stevenson* does not recite the text of § 1035. A Google produced only references to sections 1035 in various titles of the United States Code.

[3] All federal criminal law, like all Ohio criminal law, is statutory and not common law. See *Mitchell v. State*, 42 Ohio

3

put the matter another way, what constitutes sufficient evidence to require a voluntary manslaughter instruction in an Ohio case is a question of Ohio law on which this Court is bound by the decisions of Ohio courts, including the one in the case in suit. *Bradshaw v. Richey*, 546 U.S. 74 (2005).

Petitioner argues that the Fourth District's decision on this point is an unreasonable application of Supreme Court precedent requiring that the jury decide whether the State has proven every element of a crime beyond a reasonable doubt (Objections, ECF No. 16, PageID 1055, citing *Sullivan v. Louisiana*, 508 U.S. 275 (1993); *Sandstrom v. Montana,* 442 U.S. 510 (1979); and *Carella v. California*, 491 U.S. 263, 265 (1989)). More recent precedent would be *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and its progeny. But they are not in point: absence of rage or passion sufficient to mitigate murder to voluntary manslaughter is not an element of the crime. Under Ohio law the burden of production of sufficient evidence to mitigate murder to voluntary manslaughter is on the defendant.

Petitioner concludes:

> Petitioner submits that the voluntary manslaughter instruction provided by the trial court precluded the jury from ever reaching its merits, and thereby relieved the State of its burden to prove he did not act in a sudden fit of rage or passion, denied the jury its role as finder of fact, and deprived Petitioner of his rights to due process and to a fair jury trial. These are clear constitutional deprivations that entitle Petitioner to federal habeas relief.

(Objections, ECF No. 16, PageID 1056). But Petitioner cites no Supreme Court precedent that allocates the burden of production in that manner as a matter of federal constitutional law.

---

St. 383 (1884), citing *Key v. Vattier*, 1 Ohio 132, 144 (1823); *Winn v. State,* 10 Ohio 345 (1841); *Vanvalkenburgh v. State*, 11 Ohio 404 (1842); *Allen v. State,* 10 Ohio St. 287, 301(1859); *Smith v. State*, 12 Ohio St. 466, 469 (1861); *Knapp v. Thomas*, 39 Ohio St. 377, 385 (1883), for Ohio law. See *United States v. Hudson*, 11 U.S. 32 (1812); *United States v. Coolidge*, 1 Wheat. 415, 14 U.S. 415 (1816); *United States v. Britton*, 108 U.S. 193 (1893), for federal.

*Stevenson*, in particular, is not a constitutional decision.

**Third Objection - Response to Jury Question**

**Fourth Objection – Ineffective Assistance by Failure to Object to Voluntary Manslaughter Instruction**

These Objections require no further analysis beyond that given above.

**Fifth Objection – Ineffective Assistance by Eliciting Commentary Regarding Self-Incrimination**

In his Third Ground for Relief, Petitioner asserts he received ineffective assistance of trial counsel in six different ways. As to the particular testimony referred to in this Objection, the Court agrees with the Magistrate Judge that the questions put to the relevant witness would not naturally have elicited what the witness volunteered and it was a reasonable judgment by counsel not to call more attention to the comment by moving to strike (Report, ECF No. 15, PageID 1038-39).

**Sixth Objection – Failure to Object to Opinion Testimony Regarding Petitioner's Guilt**

Petitioner's counsel asked the lead detective to give his theory of the case. While agreeing that this was deficient performance, the Fourth District found no prejudice because the answer placed no testimony before the jury which Blevins had not already conceded in presenting his self-defense claim. The Report recommended deferring to this conclusion.

Petitioner objects: "Respectfully, the Fourth District's decision was contrary to clearly established federal law and is therefore grounds for federal relief." (ECF No. 16, PageID 1057).

5

Having found deficient performance in the formulation of the question, the Fourth District held there was no proven prejudice.

> {¶62} Despite this finding [of deficient performance], based upon the record before us we find no prejudice within the meaning of the *Strickland* test because the result of the trial would have been no different. Here, Appellant's only arguments on appeal regarding his culpability for the charged crimes are 1) he did not act with prior calculation and design; and 2) although he killed the victim, he did so as a result of provocation or in self-defense. As we have referenced multiple times herein, Appellant was not entitled a voluntary manslaughter instruction. Thus, his only viable theory at trial was one of self-defense, which is an affirmative defense. An affirmative defense does not negate the legal adequacy of the state's proof for purposes of submitting it to the jury. An affirmative defense involves an excuse or justification for doing an otherwise illegal act. See R.C. 2901.05(C)(2). It does not deny the existence of the act; it simply provides a legal justification for it. Thus, eliciting the detective's theory of the case did not place any testimony before the jury Appellant had not already conceded. Accordingly, Appellant cannot demonstrate prejudice as a result of counsel's actions and we therefore find no merit to this portion of his argument.

Thus the Fourth District did not find Blevins had "admitted guilt," but rather he pursued the affirmative defense of self-defense which involved admitting he shot the victim intentionally. The Court agrees that was his only viable defense. Petitioner has failed to persuade the Court that the Fourth District's "no prejudice" finding upon these facts is an objectively unreasonable application of *Strickland*, which is the relevant precedent.

**Seventh Objection – The Presence of Counsel for the Formulation of Responses to Jury Questions**

In his Fifth Ground for Relief, Petitioner claimed he was excluded from the trial court's formulation of answers to jury questions. The Fourth District accepted this as a matter of fact and held that answering a jury's questions is not a critical stage of trial and therefore a defendant does

6

not have a constitutional right to be present. *State v. Blevins, supra*, at ¶¶ 37-41.

Petitioner does not object that this holding is somehow an unreasonable application of relevant Supreme Court precedent. Instead, he objects to the Report's finding as a matter of fact that "the record makes it clear Blevins' counsel was present [for the trial court's formulation of its response to the jury's questions] and the response was stipulated." (Objections, ECF No. 16, PageID 1058). Petitioner writes: "it cannot be demonstrated that Petitioner's counsel participated in the formulation of the trial court's responses, or that counsel was afforded a meaningful opportunity to object to those responses." *Id.*

Blevins has never claimed his attorney did not participate in formulating an answer to the jury's question. His Fifth Ground for Relief is only about his own presence for those proceedings, not his counsel's presence. Any claim that his attorney did not have an opportunity to participate is procedurally defaulted because it was not raised in the state courts.

As to his attorney's presence and actual participation, the Fourth District inferred he was present from a comment he made in a new trial motion about being surprised by something in the jury's questions. *State v. Blevins, supra*, ¶ 38. Although the Fourth District could not confirm this, it found it appeared counsel was present. *Id.* at ¶ 39. Based on the Fourth District's findings, the Magistrate Judge concluded "the record makes it clear Blevins' counsel was present [.]" (Report, ECF No. 15, 1048).

The Court concludes Petitioner's Objections to the Magistrate Judge's factual findings on this point are well taken: the Fourth District itself could not confirm to its satisfaction that counsel was indeed present. The Report's error on this point is, however, immaterial because Blevins has never claimed his attorney was not present and able to participate. To the extent this is not a fact that appears of record, Blevins would have had to raise it by petition for post-conviction relief,

7

which he has not done.

Blevins has not shown that the Fourth District's holding that response to a jury question is not a critical stage of proceedings is contrary to or an objectively unreasonable application or relevant Supreme Court precedent. Therefore, the Report's conclusion on Ground Five is adopted, despite the erroneous "the record is clear" finding of fact.

**Conclusion**

Having reviewed the Report *de novo* in light of Petitioner's Objections, the Court adopts the Report except for the factual finding about counsel's presence during formulation of an answer to the jury's question. Because that error is immaterial to the ultimate conclusion, the Court adopts the Report with that exception and overrules Petitioner's Objections. The Clerk will enter judgment dismissing the Petition with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

Date: September 14, 2021

                                                                         s/James L. Graham
                                                                         James L. Graham
                                                                         United States District Judge